**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL SLADNICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 06 C 00164 |
| Deputy Chief Charles Williams, | ) | |
| Sheri Mecklenburg, GENERAL COUNSEL | ) | |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
| and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S**
**AND DEFENDANT SHERI MECKLENBURG'S**
**ANSWER TO THE FIRST AMENDED COMPLAINT,**
**AFFIRMATIVE AND 12(b)(6) DEFENSES, AND JURY DEMAND**

Defendant City of Chicago ("City") and defendant Sheri Mecklenburg, by their attorney,

Mara S. Georges, Corporation Counsel for the City, for their answer, defenses and jury demand

to Plaintiff's First Amended Complaint, state as follows:

**JURISDICTION**

The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C.
Section 1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a); the Constitution of
the United States; and pendent jurisdiction as provided under U.S.C. 1367(a). The amount in
controversy exceeds $10,000.00, exclusive of cost and interest against each Defendant.

**ANSWER:** Defendants admit that this Court has jurisdiction to hear this case.

Defendants deny that Plaintiff has meritorious claims under any of the statutes identified, the

U.S. Constitution or Illinois state law. Defendants deny the remaining allegations contained in

this paragraph.

**PARTIES**

1. Plaintiff Michael Sladnick is a citizen of the United States.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in this paragraph.

2. Defendant Deputy Chief Charles Williams was at all times material to this Complaint, a Deputy Chief with the Chicago Police Department. He is sued individually.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

3. Defendant Sheri Mecklenburg was, at all time relevant to this case, employed as General Counsel for the Chicago Police Department acting within the scope of her employment with the Chicago Police Department.

**ANSWER:** Defendants admit that defendant Sheri Mecklenberg at the time of the incident alleged in this complaint was employed as General Counsel to the Superintendent of the Chicago Police Department and was present at the scene of the alleged incident in said capacity.

4. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendants.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

5. The Defendants were at all times material to this Complaint acting under the color of law.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

### STATEMENT OF FACTS

6. On March 19, 2005, Michael Sladnick participated in a demonstration opposing the war in Iraq.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in this paragraph.

7. The Plaintiff was lawfully exercising his first Amendment rights to oppose the war on Iraq by participating in a march and rally.

**ANSWER:** Defendants admit that Plaintiff has a first Amendment right to oppose

2

the war in Iraq. Defendants deny that Plaintiff was in any way arrested based upon his exercising his First Amendment right to oppose the war in Iraq. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

8. As the Plaintiff was standing in the street in the area of 220 S. Dearborn, a horse upon which a City of Chicago Police Lieutenant sat, backed into the Plaintiff.

**ANSWER:** Upon information and belief, Defendants admit that Plaintiff was standing in the street in the area of 220 S. Dearborn. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

9. The Plaintiff attempted to protect himself from the horse.

**ANSWER:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. The Plaintiff was at all relevant times at the rear of the horse.

**ANSWER:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Defendants Williams and Mecklenburg falsely claimed that the Plaintiff punched the horse above the face.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

12. Defendant Williams ordered Chicago police officers to arrest the Plaintiff.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

13. Defendants Williams and Mecklenburg knew that Plaintiff did not punch or strike a horse above the face.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

14.     As a result of the false arrest, the Plaintiff was held in custody on March 19, 2005.

**ANSWER:**     Defendants admit that Plaintiff was taken into police custody following his arrest on March 19, 2005.  Defendants deny the remaining allegations contained in this paragraph.

15.     The Plaintiff was forced to post a bond and appear in court three times until his case was nolle prossed on August 22, 2005.

**ANSWER:**     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.     The Defendants knew that the arrest of the Plaintiff was made without probable cause.  All Defendants had a duty to determine whether there was probable cause to justify the arrest and detention of Plaintiff, had a duty to act to prevent the prosecution, had a duty to testify truthfully in their reports and in court, had opportunities to act to prevent the prosecution and prevent the injuries and harm to the Plaintiff and in fact, engaged in specific acts and omissions, as more fully set forth above, calculated and intended to result in the continued prosecution of plaintiff until the Defendant Mecklenburg addressed a letter to the Assistant States Attorney in the Plaintiff's criminal case asking that the charge be dismissed against the Plaintiff despite the fact that Defendant Mecklenburg claimed to have witnessed the Plaintiff strike a horse on March 19, 2005.

**ANSWER:**     Defendants admit that there exists a duty to arrest persons if there is probable cause to do so, to truthfully complete reports to the best of the reporting officer's knowledge and to testify truthfully in court.  Defendants deny the remaining allegations contained in this paragraph.

17.     Defendants reached a meeting of the minds and agreed to cause Plaintiff to be criminally charged, to order Officers Medici and Kotarac to prepare false reports and withheld information which would have resulted in the dismissal of criminal charges and the release of the Plaintiff in order to cover up the misconduct of the Defendants as more fully set above.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

18.     Defendants, acting both individually, jointly, and in conspiracy, directly and proximately caused the false arrest, pretrial detention and malicious prosecution of Plaintiff by

the misconduct of Defendants, as set forth more fully above.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

19. The acts and omissions of Defendants, as set forth more fully above, were wanton and willful.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

20. The Defendants' false arrest, and malicious prosecution of Plaintiff directly resulted in Plaintiff's damages as set forth in more detail below.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

21. Moreover, the Plaintiff has been severely traumatized as a result of Defendants' actions. The Plaintiff suffered a loss of liberty for a crime he did not commit, experienced mental distress and anguish, experienced a lack of enjoyment in life, and was prevented from going about his regular business during his period in custody.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT I
### (Plaintiff Sladnick's Claim for False Arrest and Imprisonment Section 1983 Defendants Williams and Mecklenburg)

22. Plaintiff realleges paragraphs 1-21 with the same force and effect as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 21 as their

answers to this paragraph, as if fully set forth herein.

23. Defendants Williams and Mecklenburg falsely stated that the Plaintiff punched or struck a Chicago Police horse. Defendant Willliams then falsely alleged to Officers Kotarac and Medici that the Plaintiff committed an illegal act. Defendants Williams and Mecklenburg deliberately failed to contradict or disavow the reports. On the basis of their false allegations the Plaintiff was illegally arrested without probable cause. The Plaintiff was charged on the basis of Defendants Williams and Mecklenburg's false allegations. As a result of the Defendants' false allegations and the resulting illegal arrest without probable cause, the Plaintiff was detained and held in custody on March 19, 2005. The Plaintiff was forced to appear in court three times as a result of the false allegations. These actions by the Defendants constitute false arrest and imprisonment under the Fourteenth Amendment and the Fourth Amendment and are actionable under 42 U.S.C. Section 1983

**ANSWER:** Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants prays that this Honorable Court Dismiss Count I of Plaintiff's First Amended Complaint with prejudice and enter judgment in their favor, and against Plaintiff, award costs and fees as provided by law, and grant other such relief which this Honorable Court deems just and appropriate.

## COUNT II
### (Plaintiff Sladnick's Claim for 1983 Civil Conspiracy Against Defendants Williams and Mecklenburg)

24. Plaintiff realleges paragraphs 1-23 with same force and effect as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 23 as their answers to this paragraph, as if fully set forth herein.

25. Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to falsely arrest and maliciously prosecute Plaintiff in violation of the Fourth and Fourteenth Amendments in order to cover-up their unjustified arrest of plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

26. In furtherance of this conspiracy, the Defendants named above committed the overt acts set forth above, including, but not limited to, the wrongful arrest, incarceration, charging and malicious prosecution of Plaintiff which terminated when Defendant Mecklenburg wrote the letter to the Assistant States Attorney asking that the Plaintiff's criminal case be dismissed; the creation and filing of false, fabricated, and incomplete statements and reports; the withholding of information which would have led to the dismissal of criminal charges against the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

27. Said conspiracy and overt acts were and are continuing in nature.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

28. Defendants' acts as set forth above in acting jointly and/or conspiring together wanton and willful and constitute the tort of conspiracy.

6

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

29.   This conspiracy proximately caused the injuries to the Plaintiff set forth above.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants pray that this Honorable Court Dismiss Count II of Plaintiff's First Amended Complaint with prejudice and enter judgment in their favor, and against Plaintiff, award costs and fees as provided by law, and grant other such relief which this Honorable Court deems just and appropriate.

**COUNT III**
**(Plaintiffs Pendant State Claim for Malicious Prosecution
Against Defendant Williams)**

30.   Plaintiff realleges paragraphs 1-29 with the same force and effect as if fully set forth herein.

**ANSWER:**   Defendants restate their answers to paragraphs 1 through 29 as their answers to this paragraph, as if fully set forth herein.

31.   Defendant Willliams maliciously and without probable cause caused the false charging and prosecution of Plaintiff for the fabricated charge of Aggravated Cruelty to Animals. Defendant Williams knew that the arresting officers would prepare a case report that falsely identified the Plaintiff as the person who committed a criminal act. Defendant Williams never told the prosecution that the charge against the Plaintiff was false.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

32.   The prosecution of Plaintiff was terminated in his favor.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

33.   As a result of the malicious prosecution, Plaintiff was deprived of liberty as set forth above.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

7

34.     The actions of Defendant Williams in maliciously prosecuting Plaintiff constituted a violation of his rights under Illinois law to be free from malicious prosecution without probable cause and caused the injuries set forth above.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

35.     Defendants' actions in maliciously prosecuting Plaintiff were willful and wanton.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants pray that this Honorable Court Dismiss Count III of

Plaintiff's First Amended Complaint with prejudice and enter judgment in their favor, and

against Plaintiff, award costs and fees as provided by law, and grant other such relief which this

Honorable Court deems just and appropriate.

## COUNT IV
### (Respondent Superior Claim-Defendant City of Chicago)

36.     Plaintiff realleges paragraphs 1-35 with the same force and effect as if fully set forth herein.

**ANSWER:**     Defendants restate their answers to paragraphs 1 through 29 as their

answers to this paragraph, as if fully set forth herein.

37.     The aforesaid acts and state law violations of Defendants Williams and

Mecklenburg, as set forth above, were performed in the scope of their employment as a Deputy

Chief or General Counsel for the City of Chicago Police Department, were willful and wanton,

and therefore the Defendant City of Chicago as principal is liable for the actions of its agents

under the doctrine of *respondeat superior* for the violation of state law.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants pray that this Honorable Court Dismiss Count III of

Plaintiff's First Amended Complaint with prejudice and enter judgment in their favor, and

against Plaintiff, award costs and fees as provided by law, and grant other such relief which this

Honorable Court deems just and appropriate.

## COUNT V
### (755 ILCS 10/9 102-Defendant City of Chicago)

38.     Plaintiff realleges paragraphs 1-37 with the same force and effect as if fully set forth herein.

**ANSWER:**     Defendants restate their answers to paragraphs 1 through 29 as their

answers to this paragraph, as if fully set forth herein.

39.     Defendant City of Chicago is the employer of the individual defendants.

**ANSWER**:     Defendants admit the allegations contained in this paragraph.

40.     Defendant Williams and Mecklenburg committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants pray that this Honorable Court dismiss Plaintiff's First

Amended Complaint in its entirety, with prejudice, and enter judgment in their favor, and against

Plaintiff, award costs and fees as provided by law, and grant other such relief which this

Honorable Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.     A reasonably competent police officer, objectively viewing the facts and

circumstances then confronting defendant, Deputy Chief Charles Williams, during the incident

which provides the basis of this case, could have believed that the actions taken by him were

objectively reasonable, and were within constitutional limits that were clearly established at the

time.  Therefore, defendant, Deputy Chief Charles Williams, is entitled to qualified immunity as

9

a matter of law.

2. Defendant was working as Chicago Police Officers at the time of this incident. Therefore, as to any state law claims, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), Defendant is not liable for any claims alleged because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202.

3. Defendants are not liable under the Illinois Tort Immunity Act, for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4. To the extent any injuries or damages claimed by Plaintiff were proximately caused in whole or in part, by negligent, wilful and wanton conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by a jury in this case.

5. To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate attributed to plaintiff by the jury in this case.

6. Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

7.    As to all state law counts, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision to arrest Plaintiff and the manner in which that arrest was effected was based upon the information and circumstances known to Defendants at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (1996).

8.    At the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## 12(b)(6) DEFENSES

1.    An award of punitive damages would deprive defendant Sheri Mecklenburg of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

a)    liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

b)    the award of punitive damages is disproportionate to actual damages;

c)    multiple awards of punitive damages based on the same conduct violate the double jeopardy provision of the Fifth Amendment to the United States Constitution.

2.    Punitive damages under section 1983 violate due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and are void for vagueness for failing to specify (1) what sort of conduct gives rise to liability for such damages,

11

and (2) the maximum fine.

## **JURY DEMAND**

Defendants hereby demand a trial by jury.

Respectfully submitted,

/s/ *Sara L. Ellis*
SARA L. ELLIS
Assistant Corporation Counsel

30 N. La Salle Street; Suite 1610
Chicago, Illinois 60602
(312) 744-6919
(312) 744-6912 (Fax)
Atty. No. 06224868

12